1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**SEAN LIBBERT,**<br><br>            **Defendant.** | **Case No.: SACR 14-00083-CJC**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

## I.  INTRODUCTION & BACKGROUND

On June 12, 2014, the Grand Jury returned an Indictment with 16 counts and three criminal forfeiture allegations against Defendant Sean Libbert for various federal offenses relating to the manufacture, possession with intent to distribute, and distribution

of controlled substance analogues.  (Dkt. No. 1 ["Ind."].)  Mr. Libbert now brings a

motion to dismiss, challenging the sufficiency of the Indictment.  (Dkt. No. 178 ["Def.'s

Mot."].)  Specifically, Mr. Libbert seeks to dismiss Counts 1–4, 7–16, and Criminal

Forfeiture Allegation 1 of the Indictment for failure to adequately plead the requisite

essential elements.  For the following reasons, Mr. Libbert's motion is DENIED.

## II.  ANALYSIS

### A.  Sufficiency of the Indictment

Rule 7 of the Federal Rules of Criminal Procedure provides that an "indictment . . .

must be a plain, concise, and definite written statement of the essential facts constituting

the offense charged . . . ."  Fed. R. Crim. P. 7(c)(1).  Generally, "an indictment is

sufficient if it, first, contains the elements of the offense charged and fairly informs a

defendant of the charge against which he must defend, and, second, enables him to plead

an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v.

United States*, 418 U.S. 87, 117 (1974); *see also United States v. Rodriguez*, 360 F.3d

949, 958 (9th Cir. 2004).  The failure of an indictment to detail each element of the

charged offense generally constitutes a fatal defect.  *United States v. King*, 587 F.2d 956,

963 (9th Cir. 1978).

The Controlled Substances Analogue Enforcement Act of 1986 ("CSAEA") treats

controlled substance analogues[1], "to the extent intended for human consumption," as a

Schedule I controlled substance.  21 U.S.C. § 813.  If the controlled substance analogue is

so intended, the manufacturing, dispensing, and possessing of the analogues constitute

unlawful acts.  *Id.* § 841(a).  That the alleged substance is a controlled substance

---

[1]  The statutory definition for "controlled substance analogue" is set forth in 21 U.S.C. § 802(32)(A).

analogue is an essential element of the forfeiture allegation and all the counts that Mr. Libbert seeks to dismiss.[2]

For example, Count 1 charges Mr. Libbert with conspiracy to commit the offense defined in 21 U.S.C. § 841, the elements of which are that defendant (1) conspired to (2) knowingly or intentionally (3) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense (4) a controlled substance analogue.  21 U.S.C. §§ 813, 841, 846.  Under Count 1 of the Indictment, Mr. Libbert is charged with having "conspired and agreed with [others] to knowingly and intentionally (1) manufacture, (2) possess with intent to distribute, and (3) distribute [Schedule I controlled substance analogues], as defined in Title 21, United States Code, Section 802(32)(A), . . . knowing that the substances were intended for human consumption, as provided in Title 21, United States Code, Section 813, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)."  (Ind. 4–5.)[3]

Count 1 then continues for nearly 20 pages, detailing the means by which the conspiracy was accomplished and the overt acts in furtherance of the conspiracy, including, but not limited to, Mr. Libbert's acts of ordering, selling, and mailing controlled substance analogues "for human consumption" to "drug customers" from at least March 2011 to May 2012.  (Ind. at 5–24.)  Mr. Libbert allegedly sold the analogues

---

[2]  Count 1 charges Mr. Libbert with conspiring to manufacture, possess with intent to distribute, and distribute controlled substance analogues in violation of 21 U.S.C. § 846.  Counts 2 through 4 charge Mr. Libbert with distribution of controlled substance analogues in violation of 21 U.S.C. § 841(a)(1). Counts 7 through 16 are various money laundering counts involving proceeds from unlawful activity relating to controlled substance analogues.  Criminal Forfeiture Allegation 1 seeks forfeiture of all proceeds of and property used to commit the offenses charged in Counts 1–4.

[3]  Counts 2–4 are charges for the substantive crime of distribution of the analogues and involve all the same elements as Count 1, minus the first element of conspiracy.  These counts allege that Mr. Libbert "knowingly and intentionally distributed for human consumption" the analogues.  (Ind. 25–27.)  Count 2 alleges that C.G. sustained serious bodily injury as a result of the use of the distributed analogue.  (Ind. at 25.)

under the company name "RCS Labs, Inc." and offered products such as "Da Kine Blend" and "Blueberry Extreme" synthetic marijuana.  Mr. Libbert sold and mailed the analogues in varying quantities of 9 grams, 6 grams, 4.1 grams, 2.2 grams, 2 grams, 1.2 grams, and 1.1 grams, to drug customers in a range of cities, including San Jose, California; Tavares, Florida; Artesia, New Mexico; Coeur d'Alene, Idaho; Fairbanks, Alaska; and Pendleton, Oregon.  (Ind.)  The Indictment also details the extensive money wire transfers that were made and received by Mr. Libbert and describes how during one period of approximately 7 months, Mr. Libbert and his co-conspirators generated over $368,000.00 in synthetic marijuana sales.  (Ind. at 7.)  Finally, the Indictment describes varying messages sent and received by Mr. Libbert, including a message he sent asking whether a co-conspirator wanted to get into the business of trafficking in "bath salts" because it was the "same customers, twice the cash."  (Ind. at 13.)  Mr. Libbert also sent a message instructing another co-conspirator to give a drug customer store credit because the drug customer complained about the alleged inefficacy of the analogue purchased from the online website store.  (Ind. at 19.)

Despite these extensive factual allegations, Defendant argues that the Indictment insufficiently pleads that the substances at issue are controlled substance analogues intended for human consumption.  Specifically, he contends that the Indictment failed to charge an offense under the CSAEA because the Indictment does not affirmatively identify which of the two available means of defining a "controlled substance analogue" the Government's charge is brought.  Additionally, he argues that the Indictment does not sufficiently plead that Mr. Libbert *personally* intended the analogues be for human consumption.

Contrary to Mr. Libbert's assertions, however, there is no requirement that an indictment specify the exact means of satisfying an essential element of a crime, where the statute provides alternative possibilities to so satisfy.  *Schad v. Arizona*, 501 U.S. 624,

631–32 (1991) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. . . ." (internal citation and quotation marks omitted)); *see also* Fed. R. Crim. P. 7(c)(1) ("A count may allege . . . that the defendant committed [the offense] by one or more specified means."). Under the CSAEA, a "controlled substance analogue" is defined as a substance with a chemical structure that is substantially similar to the chemical structure of a Schedule I or II controlled substance *and* either

> (ii) . . . has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than [that effect of a Schedule I or II controlled substance]; *or*
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than [that effect of a Schedule I or II controlled substance].

21 U.S.C. § 802(32)(A) (emphasis added). Subsections (A)(ii) and (A)(iii) are written in the disjunctive, such that only one of these alternatives need to be satisfied to define a substance as a controlled substance analogue. Citing to this definitional statute, Mr. Libbert objects that the Indictment recites both subsections, but fails to identify which subsection applies. However, courts have upheld the sufficiency of indictments when the charge is conjunctively described, despite the statute's disjunctive prohibition, and even when the indictment merely cites to the United States Code section containing the definitional statute without any further explanation. *See, e.g.*, *United States v. Fulbright*, 105 F.3d 443, 449 (9th Cir. 1997) ("Where a statute enumerates several means of committing an offense, an indictment may contain several allegations in the conjunctive."); *United States v. Abascal*, 564 F.2d 821, 832 (9th Cir. 1977) ("The

government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict."); *United States v. Davis*, No. 1:13-CR-00043-MR-DLH, 2013 WL 6499533, at *3 (W.D.N.C. Dec. 11, 2013) (finding indictment sufficient where it merely referenced § 802(32)(A)); *United States v. Johnston*, 933 F. Supp. 2d 881, 883 (E.D. Ky. 2013) (finding that the Indictment's references to § 802(32) and § 813 provided defendant "with sufficient notice of the charges against him").  Here, the Indictment not only cites to the definitional statute section, it accurately conveys the disjunctive nature of subsections (A)(ii) and (iii).  (Ind. 2, 4–5.)


Nor must the indictment recite verbatim the exact statutory language.  *Rodriguez*, 360 F.3d at 958 (finding indictment sufficient even though the interstate commerce nexus, which is an essential element of the offense under the Hobbs Act, was not expressly described in the indictment).  And although "[u]ndoubtedly the language of the statute may be used in the general description of an offence," what matters is that this language is accompanied by a statement of the facts and circumstances as to inform the accused of the specific offense with which he is charged.  *Russell v. United States*, 369 U.S. 749, 765 (1962) (internal citation and quotation marks omitted).  Given the aforementioned facts set forth in the Indictment, the Court finds that, when "read in its entirety and construed in accord with common sense and practicality," the Indictment sufficiently details a factual basis to support a grand jury finding of "controlled substance analogue" under either subsection (A)(ii) or (A)(iii).  *See United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995).[4]

---

[4]  Likewise, Mr. Libbert's challenge that the Indictment insufficiently pleads § 813's "intended for human consumption" requirement fails.  Section 813 only specifies that the analogue shall, "to the extent *intended for human consumption*," be treated as a Schedule I controlled substance.  21 U.S.C. § 813 (emphasis added).  The Indictment tracks the statutory language of § 813 and repeatedly describes Mr. Libbert's alleged acts as involving analogues "for human consumption" and that he "knowingly and intentionally distributed for human consumption" the analogues.  (Ind.)  This adequately alleges that the

## B.  Bill of Particulars

A bill of particulars may be appropriate when a defendant requires clarification in order to prepare a defense.  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). A court may, within its own discretion, direct the government to file a bill of particulars or may so order upon a motion by the defendant.  Fed. R. Crim. P. 7(f).  Here, notwithstanding the sufficiency of the Indictment, the Court is sympathetic to Mr. Libbert's concerns in preparing his defense without notice of whether the alleged controlled substances analogues are so defined because of their physiological effects or because Mr. Libbert represented or intended such effects, or both.  Thus, the Court ORDERS the Government to file a bill of particulars to clarify and identify with precision whether it intends to proceed in this case by defining the relevant controlled substance analogues under § 802(32)(A)(ii) or (A)(iii) or both.

//
//
//
//
//
//
//
//
//
//
//

analogues at issue satisfy § 813.  *Cf. United States v. Desurra*, 868 F.2d 716, 717 (5th Cir. 1989) (finding sufficient indictment that alleged offenses involving analogues, despite failing to expressly state the drugs were intended for human consumption).

**III.  CONCLUSION**

Accordingly, Mr. Libbert's motion to dismiss is DENIED.  The Government shall file a bill of particulars within twenty (20) days of this Order.

DATED:     June 1, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE